UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FUNCTIONAL GOVERNMENT INITIATIVE )
6218 Georgia Avenue, NW )
Suite 1-1235 )
Washington, D.C. 20011, )
 )
Plaintiff, )
 )
v. ) Civil Case No. 1:22-cv-3849
 )
U.S. DEPARTMENT OF COMMERCE )
1401 Constitution Avenue, NW )
Washington, D.C. 20230, )
 )
Defendant. )
_____ )

## COMPLAINT

1. Plaintiff, Functional Government Initiative ("FGI"), brings this action against the United States Department of Commerce ("DOC") pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, requesting declaratory and injunctive relief to compel Defendant's compliance with FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this FOIA matter pursuant to 5 U.S.C. §552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue in this Court is provided for by 5 U.S.C. § 552 (a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES TO THE ACTION

4. Plaintiff, FGI, is an unincorporated association of individuals dedicated to improving the American public's access to information about the officials, decisions, actions, and priorities of their government.  See D.C. Code § 29-1102(5).

5. FGI accomplishes its mission though investigative research, analysis, and dissemination of the information it obtains. The records FGI seeks in this FOIA action are vital to accomplishing its mission.

6. DOC is an authority of the Government of the United States and an executive department that meets the definition of an "agency" subject to FOIA. 5 U.S.C. § 551 (1), § 552 (f)(1).

**STATEMENT OF FACTS**

7. Recognizing that "structural weaknesses in both domestic and international supply chains threaten America's economic and national security," on June 8, 2021, the "Biden-Harris Administration" announced its creation of the "Supply Chain Disruptions Task Force" ("Task Force") to be led by the Secretaries of Agriculture, Commerce and Transportation. https://www.whitehouse.gov/briefing-room/statements-releases/2021/06/08/fact-sheet-biden-harris-administration-announces-supply-chain-disruptions-task-force-to-address-short-term-supply-chain-discontinuities/

8. The Task Force is to provide "a whole-of-government response to address near-term supply chain challenges . . . ." *Id*.

9. The Task Force is to "bring the full capacity of the federal government to address near-term supply/demand mismatches." *Id*.

10. Supply chain disruptions did not ease in the near-term following creation of the Task Force and remain a struggle in many parts of the U.S. economy.

11. The American public has a right to know the details of Secretary Raimondo's work in the leadership of the Task Force and what the federal government is doing to address the supply chain disruptions threatening America's economic and national security.

12. On July 12, 2022, FGI submitted a FOIA request to DOC for

    all meeting memos, meeting minutes, calendar entries, and calendar invitations for the Secretary or the Secretary's designees for any meeting of the Supply Chain Disruptions Task Force and any inter-agency and intra-agency working groups supporting that task force, from June 8, 2021, until the date the search begins.

    A copy of FGI's FOIA request to DOC dated July 12, 2022, is attached as Exhibit 1.

13. By email dated July 12, 2022, receipt of FGI's FOIA request was confirmed and designated "DOC-IOS-2022-002107."

14. On September 6, 2022, FGI received an email fully granting its request that all fees incurred by DOC in completing FGI's FOIA request be waived.

15. Having received no further communication from DOC, on November 17, 2022, FGI sought an update on the status of its FOIA request.

16. As of the filing of this Complaint, DOC has not responded to FGI's inquiry of November 17, 2022, or provided any additional information about the status of FGI's July 12, 2022, FOIA request.

## COUNT I
## Wrongful Withholding Of Non-Exempt Responsive Records By DOC
## In Violation of FOIA, 5 U.S.C. § 552

17. FGI restates and incorporates by reference all the preceding paragraphs.

18. FGI properly requested records within the possession, custody, and control of DOC.

19. Because DOC is an "agency" subject to FOIA, it must release all non-exempt records and provide legitimate reasons for withholding any records as provided for by the statute. *See* 5 U.S.C. § 552 (f)(1), § 552 (a)(3)(A).

20. FOIA provides specific time limits for agencies to make a determination in response to a request for records. *See* 5 U.S.C. § 552 (a)(6)(A)(i), § 552 (a)(4)(A)(viii)(II)(aa).

21. The applicable statutory time limits have passed for DOC to have provided FGI with a determination on its FOIA request.

22. By failing to produce all responsive, non-exempt records, DOC is wrongfully withholding agency records subject to release under FOIA.

23. By failing to segregate exempt information in otherwise non-exempt records responsive to FGI's FOIA request, DOC is wrongfully withholding agency records subject to release under FOIA.  *See* 5 U.S.C. § (a)(8)(A)(ii)

24. Because the DOC has failed to provide a determination on FGI's FOIA request within the applicable statutory time limits, FGI is deemed to have exhausted its administrative remedies. 5 U.S.C. § 552 (a)(6)(C)(i).

25. Despite FGI's good-faith efforts to work with DOC to obtain records that are in the public interest and releasable under FOIA, it is apparent that absent this lawsuit DOC will not comply with its obligations under FOIA.

26. Accordingly, FGI is entitled to declaratory and injunctive relief requiring DOC to produce promptly all non-exempt records and the reasonably segregable portions of other records responsive to its FOIA request and to provide indexes justifying the withholding of any responsive records under a claim of exemption.

## **REQUESTED RELIEF**

FGI respectfully requests this Court:

(1) Take and maintain jurisdiction over this case until DOC complies with the requirements of FOIA and the orders of this Court.

(2) Order DOC to produce all non-exempt records and non-exempt portions of other records

responsive to FGI's FOIA request and provide indexes justifying the withholding of all or any portion of responsive records under claim of exemption.

(3) Order DOC to produce all non-exempt records within ten days, or within such other period that the Court deems reasonable.

(4) Enjoin DOC from continuing to withhold all non-exempt responsive records and portions of records.

(5) Award the reasonable attorney's fees and other litigation costs incurred in this action, as provided for by 5 U.S.C. § 552(a)(4)(E).

(6) Grant FGI such other relief as this Court deems to be necessary and proper.

Dated: December 30, 2022

Respectfully submitted,

FUNCTIONAL GOVERNMENT INITIATIVE
By Counsel:

<u>/s/ Richard W. Goeken</u>
D.D.C. Bar # 441217
LUMEN LAW FIRM
1802 Vernon Street, Suite 2040
Washington, D.C. 20009
(202) 931-6020

*Counsel for the Plaintiff*